# "APPENDIX A"

- State Court Petition and Summons

HAMPTON & ROYCE, L.C.
United Building, Ninth Floor
119 West Iron Avenue
P.O. Box 1247
Salina, Kansas 67402-1247
(785) 827-7251 - Telephone
(785) 827-2815 - Telecopier
www.hamptonlaw.com - Internet

FILED
REPUBLIC COUNTY KANSAS

2010 OCT 13 AM 10 07

CLERK

DEPUTY

IN THE DISTRICT COURT OF REPUBLIC COUNTY, KANSAS

Kim Holloway, )
)
        Plaintiff, )
)
vs. ) Case No. 10 CV 16
)
NESIKA Energy, L.L.C. )
)
        Defendant. )
)

(Proceedings pursuant to Chapter 60)

## PETITION

COMES NOW, Kim Holloway, Plaintiff, by and through her attorneys, Hampton & Royce, L.C., and for her cause of action against Defendant, NESIKA Energy, L.L.C. ("NESIKA") states and alleges as follows:

1. Kim Holloway ("Kim") is a resident of the State of Kansas with an address of 300 M Street, Belleville, Kansas 66935.

2. NESIKA is a domestic limited liability company and may be served with process by delivering a copy of the Summons and Petition at P.O. Box 169, Scandia, Kansas 66966.

3. Kim filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 28D-2009-00763.

4. On or about August 30, 2010, Kim received a Notice of Dismissal and Notice of

1

Right providing her right to sue. A copy of that Notice is attached as Exhibit "A" hereto and incorporated herein.

5. Kim has exhausted her required administrative remedies prior to bringing this action against NESIKA.

6. Kim worked as an operator for NESIKA from March 2008 until February 2009.

7. Kim received an exemplary employee evaluation during the November 2008 employee evaluation period.

8. On October 15, 2008, Kim was stricken with thrombosis in her right forearm requiring her to be hospitalized and undergo emergency surgery. Kim was hospitalized until November 6, 2008. It is believed that this injury may have resulted from an impact injury she suffered while working at NESIKA.

9. NESIKA's Employee Handbook indicated that NESIKA opted into FMLA coverage by stating that family medical leave time would be addressed on a case by case basis.

10. NESIKA sent a letter to Kim on November 1, 2008, which stated "you will be placed on medical leave for a period of time not to exceed 90 days."

11. Kim relied on these representations by NESIKA regarding family medical leave.

12. After significant therapy, Kim's health improved to the point that she was able to return to work. In fact on January 9, 2009, an occupational therapist and a physical therapist went with Kim to NESIKA to evaluate her ability to perform her job functions.

13. Kim's doctor in Belleville Kansas, Dr. Cayle Goertzen, sent NESIKA a letter on January 27, 2009, indicating that Kim was ready for work with minimal accommodations required.

14. Kim returned to work on January 28, 2009, but was immediately confronted by her

2

supervisor, Andy Hill, regarding her ability to complete her job tasks.

15. Mr. Hill interrogated Kim on her ability to complete her work duties without having another incident of thrombosis. Mr. Hill pressured Kim to take more time off from work until she was able to work without being injured again.

16. Kim indicated to Mr. Hill that she was capable of performing her job tasks without significant accommodations and had proven her ability to work with the physical therapist and occupational therapist on January 9, 2009.

17. Even though Kim established that she was not disabled and was able to perform the job requirements, she was terminated on February 4, 2009, due to her perceived disability.

## Count I
### Americans with Disabilities Act

18. After Kim suffered her injury, Kim was harassed and mistreated due to her perceived disability in violation of the Americans with Disabilities Act.

19. As a result of her injuries, Kim either suffers from a "disability" or is perceived to suffer from a "disability" as defined by the Americans with Disabilities Act.

20. Kim is possessed of a physical impairment that substantially limits one or more of her major life activities; and/or was regarded as having such impairment.

21. Specifically, Kim was perceived to be unable to work and was also perceived to be susceptible to future injury while on the job.

22. Kim is a qualified individual in that she was able to perform the essential functions of her work with NESIKA with or without reasonable accommodations.

23. NESIKA intentionally discriminated against Kim by demanding that she take time

off from work to recover and ultimately terminating her and replacing her with a person not perceived to have a disability.

24. NESIKA terminated Kim as a result of her disability and in retaliation for her time off from work.

## Count II
## Family Medical Leave Act

25. NESIKA voluntarily provided Family Medical Leave Act benefits to its employees as indicated in its Employee Handbook and letters to Kim.

26. Kim had a "serious health condition" as defined by the FMLA, from an injury she suffered on approximately October 15, 2008.

27. Kim gave NESIKA sufficient information regarding her serious medical condition starting October 15, 2008.

28. Pursuant to the FMLA, Kim was entitled to reinstatement upon her return to work.

29. Because Kim availed herself to the protection afforded to her under the leave provisions of the FMLA, NESIKA retaliated and ultimately terminated Kim.

30. NESIKA retaliated against Kim as a result of her FMLA qualifying absence and as such NESIKA violated the FMLA prohibition against retaliation against an employee for taking FMLA qualified leave under 29 USC 2615(a)(1).

31 NESIKA's firing of Kim violated the interference provisions of the FMLA.

32. As an approximate result of NESIKA terminating her, Kim's reputation as a faithful and diligent employee has been damaged; and it has become difficult, if not impossible, for her to obtain employment in a position comparable to her position with NESIKA at the time she was

terminated. As a result, Kim has been damaged, hereby sustaining great economic loss as well as humiliation and embarrassment.

33. Kim's firing by NESIKA has imposed embarrassment, humiliation and emotional distress upon Kim, for which NESIKA is responsible to Kim for damages for emotional distress.

## Count III
## Workers' Compensation Retaliation

34. At the time of her termination by NESIKA, it was believed that her thrombosis was a result of an injury suffered at work.

35. Upon learning of the possibility of a work related injury for which Kim could file a claim for workers compensation, NESIKA terminated Kim to prevent a workers compensation claim from being filed.

36. As a proximate result of her termination, Kim's reputation as a faithful and diligent employee has been damaged and she has sustained humiliation and embarrassment for which she claims damages for emotional distress.

WHEREFORE, Kim prays for judgment against NESIKA in excess of $75,000.00 for:

(a) Back pay and the value of fringe benefits from the date of her firing;

(b) Compensatory damages to place her in her rightful position;

(c) Damages for humiliation and embarrassment;

(d) Attorney fees, costs of this action, as well as all other relief the Court deems just and equitable.

*/s/ Nathanael Berg*

Nathanael Berg, #22204, of
HAMPTON & ROYCE, L.C.
119 W. Iron, Ninth Floor
P.O. Box 1247
Salina, Kansas 67402-1247
(785) 827-7251
(785) 827-2815 Facsimile
Attorneys for Kim Holloway

5

EEOC Form 161-B (11/09)         **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Kim Holloway  
300 M Street  
Belleville, KS 66935  

From: St. Louis District Office  
Robert A. Young Bldg  
1222 Spruce St, Rm 8.100  
Saint Louis, MO 63103  

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 28D-2009-00763 | Joseph J. Wilson, Investigator | (314) 539-7816 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

/s/ James R. Neely, Jr., Director

August 26, 2010  
(Date Mailed)

Enclosures(s)

cc: NESIKA ENERGY, LLC  
c/o Brenda Head  
Davis, Unrein, Biggs & Head  
P.O. Box 3575  
Topeka, KS 66601  

Nathanael Berg  
Hampton & Royce, LLC  
119 W. Iron Ave.  
P.O. Box 1247  
Salina, KS 67402  

EXHIBIT A

HAMPTON & ROYCE, L.C.
United Building, Ninth Floor
119 West Iron Avenue
P.O. Box 1247
Salina, Kansas 67402-1247
(785) 827-7251 - Telephone
(785) 827-2815 - Telecopier
www.hamptonlaw.com - Internet

IN THE DISTRICT COURT OF REPUBLIC COUNTY, KANSAS

| | |
|---|---|
| Kim Holloway, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 10 CV 16 |
| NESIKA Energy, L.L.C. | ) |
| Defendant. | ) |

(Proceedings pursuant to Chapter 60)

## SUMMONS

To the Above-Named Defendant:   NESIKA Energy, L.L.C.
P.O. Box 169
Scandia Kansas 66966

You are hereby summoned to defend an action brought in the District Court of Republic County, Kansas, and are required to serve upon Nathanael Berg, Plaintiff's attorney, at Hampton & Royce, L.C., United Building, Ninth Floor, 119 West Iron Avenue, P. O. Box 1247, Salina, Kansas 67402-1247, a pleading to the Petition which is herewith served upon you, within twenty-one (21) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Petition. Your pleading also must be filed with the Clerk in Republic County, Kansas. As provided in subsection (a) of K.S.A. 60-213, and amendments thereto, your Answer must state as a Counterclaim any related

claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim or any other action.

(Seal of the Court)

Dated: October 11, 10

Clerk of the District Court

By _____
Deputy Clerk

